FREEDMAN, APPELLANT, v. GORDON, APPELLEE.

APPELLATE PRACTICE.

In the absence of evidence to support the judgment it will be reversed.

*Appeal from the County Court of Arapahoe County.*

Messrs. OSBORN & TAYLOR, for appellant.

Messrs. SHERIDAN & SHORT, for appellee.

THOMSON, ·J., delivered the opinion of the court.

About the month of August, 1891, Pauline Freedman, the defendant below, was the owner of a stock of goods in the city of Denver, supposed to be worth $6,000 or $7,000, which was in charge of her husband as her agent. The plaintiff, who seems to have been a real estate and merchandise broker, offered Mr. Freedman, the agent, his services in effecting a trade of this stock for real estate and cash. Plaintiff had a man in view with whom he thought he would be able to negotiate the deal, and took Mr. Freedman to Evanston, where he showed him certain lots which were to go into the trade. Freedman was pleased with the lots and was willing to take them. Plaintiff then sent for the purported owner of the lots, whose name was Tinkel, and who lived in the eastern part of the state. Tinkel came to Denver and conferred with Freedman. They agreed on the price of the lots, and the amount of cash to be paid. The value of the goods was to be determined by invoice. The title to the lots was to be clear, subject only to the result of a suit which had been brought against the entire tract, of which the lots were a part. It turned out, however, that Tinkel did not own the lots nor any of them, and could make no title of any kind to them; and the trade was abandoned. Freedman afterwards sold the stock to other parties. This action was brought by the plaintiff to recover compensation for his services in the attempted transaction. The court gave him judgment for $208 from which the defendant appealed. There is nothing in the foregoing facts which would entitle plaintiff to any compensation; but even if the proof were otherwise, the value of the services is not shown. Plaintiff says that five per cent was the usual commission for deals of that size; but the value of the goods was never ascertained, so that there was no sum upon which commissions could be calculated; nor was there any other evidence from which it could be said what the ser-

vices were worth. The $208 for which judgment was given was a mere arbitrary sum, found by the court in its independent wisdom. The judgment is clearly erroneous and must be reversed.

*Reversed.*